IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIEUDONNE KAZABUKEYE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-864-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Dieudonne Kazabukeye, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

In January 2010 petitioner was charged in Tarrant County,

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Texas, Case No. 1185922R, with intoxication manslaughter (count one of the indictment) and manslaughter (count two). (Clerk's R., vol. 1, at 2.) Petitioner waived his right to a jury trial, and, on January 21, 2010, his bench trial commenced. After hearing evidence, the trial court found petitioner guilty on both counts and entered a deadly-weapon finding. At the punishment phase, held on March 12, 2010, following preparation of a presentence investigation report, the trial court sentenced petitioner to fifteen years' confinement on each count. (*Id.* at 18-21.) Petitioner appealed his convictions, and the Eighth District Court of Appeals of Texas vacated his conviction for manslaughter under count two on double-jeopardy grounds. (Op. at 6.) On February 1, 2012, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Docket Sheet at 1.) Petitioner does not assert that he sought writ of certiorari. (Pet. at 3.) On August 9, 2013,[2] petitioner filed a state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on September 16, 2015, without

---

[2] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 12 of the application reflects the date the application was signed by petitioner. For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

2

written order on the findings of the trial court. (State Habeas R. at 30 & "Action Taken.") Petitioner's motion for reconsideration was dismissed on October 7, 2015. Petitioner filed a prior federal habeas petition, which was dismissed on exhaustion grounds. *Kazabukeye v. Stephens,* Civil Action No. 4:13-CV-346-Y. The instant federal petition is deemed filed on November 9, 2015.[3]

## II. Issues

Petitioner raises twelve grounds for habeas relief. (Pet. at 6-7, 11-12.)

## III. Statute of Limitations

Respondent contends the petition is untimely. (Resp't's Preliminary Answer at 7-13.) The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to

---

[3]Similarly, an inmate's federal habeas petition mailed via the prison mailing sytsem is deemed filed when the document is placed in the prison mail system for mailing. *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998). The petitioner does not provide the date petitioner placed the document in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of November 9, 2015. Thus, the petition is deemed filed on that date.

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's claims involve matters related to the trial-court proceedings and his direct appeal, therefore subsection (A) is applicable. Under that provision, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

4

seeking such review." Petitioner's judgment of conviction became final by the expiration of the time he had for filing a timely petition for writ of certiorari in the United States Supreme Court on May 1, 2012,[4] triggering the limitations period, which expired one year later on May 1, 2013, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's state habeas application filed on August 9, 2013, after limitations had already expired did not operate to toll the limitations period. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001). Thus, the petition is untimely unless petitioner is entitled to equitable tolling.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was

---

[4] 2012 was a leap year.

5

convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)).

Petitioner provides no explanation for his delay or argument for equitable tolling but does make a passing assertion of innocence. (Pet. at 9.) In *McQuiggin,* the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). *McQuiggin*, 133 S. Ct. at 1932-33. "[T]enable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1928, 1936 (quoting *Schlup,* 513 U.S. at 316). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond

6

a reasonable doubt. *Schlup,* 513 U.S. at 326-27. *See also House v. Bell,* 547 U.S. 518, 539-54 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). Petitioner presents no *new* evidence of his innocence or convincing argument that he is actually innocent.

Therefore, petitioner's federal petition was due on or before May 1, 2013, and his petition filed on November 9, 2015, is untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED November 30, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE